IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 1:18-cr-00216 |
| Otis Lewis Puttman,<br>a/k/a Terrance Dremaine McCray,<br>a/k/d Terrance McCrary, | |
| Defendant. | |

## ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]   THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on February 20, 2024. Doc. No. 162. CJA Counsel was appointed to represent the Defendant and filed a Notice of Intent Not to Supplement on March 20, 2024. Doc. No. 167. The Defendant filed three *pro se* supplements. Doc. Nos. 168, 170, 172. The United States filed a Response on April 16, 2024. Doc. No. 171. The Defendant did not file a Reply. For the reasons set forth below, the Motion is **DENIED**.

[¶2]   The Defendant seeks a reduction of his sentence based upon Amendment 821 to the United States Sentencing Guidelines which went into effect on November 1, 2023. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" The Defendant's Motion fails under both Parts A and B of Amendment 821.

[¶3]   In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when a defendant committed the instant offense while under another criminal justice sentence. The retroactive application of

Part A does not affect his criminal history category of VI because the Defendant was a career offender under USSG § 4B1.1(b). See Doc. No. 112, ¶ 34; Doc. No. 132. He would have been in criminal history category VI regardless of the two additional status points. Therefore, Part A to Amendment 821 is inapplicable.

[¶4]     In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria. Part B likewise affords no relief. The retroactive application of the two-level reduction in USSG § 4C1.1 only applies when a defendant "did not receive any criminal history points from Chapter Four, Part A." USSG § 4C1.1(a)(1). The Defendant had six scoreable criminal history points before the two status points were added. Doc. No. 112, ¶¶ 31-32. Because he has six scoreable criminal history points, he is not a zero-point offender under USSG § 4C1.1 and is ineligible for a sentencing reduction under Part B of Amendment 821.

[¶5]     The record demonstrates that Amendment 821 does not apply to the Defendant. Therefore, the Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶6]     **IT IS SO ORDERED.**

DATED June 26, 2024.

Daniel M. Traynor, District Judge
United States District Court